765 A.2d 745

ANTONIO SGRO, M.D. AND ERMELINDA SGRO, HIS
WIFE, PLAINTIFFS–APPELLANTS, v. RICHARD
S. ROSS, M.D., DEFENDANT–RESPONDENT.

Argued January 2, 2001—Decided February 14, 2001.

*Martin T. McDonough* argued the cause for appellants (*Mr. McDonough*, attorney; *Antonio Sgro, pro se,* on the brief).

*Timothy M. Crammer* argued the cause for respondent (*Paarz, Master, Koernig, Crammer, O'Brien, Bishop & Horn,* attorneys; *Mr. Crammer* and *Joseph L. Marczyk,* on the brief).

PER CURIAM.

This is a medical malpractice informed consent case. Several days following a cataract operation performed by respondent Dr. Richard Ross ("Dr. Ross") on petitioner Dr. Antonio Sgro ("Sgro"), sutures in Sgro's eye became unraveled and a portion of his iris prolapsed from the eye. After discovering the complication, Dr. Ross reposited the iris and re-sutured the eye. Dr. Ross did not inform Sgro that he could have excised the exposed portion of the iris instead of repositing it. In the days following the reposition, Sgro's eye became infected, resulting in further surgeries and permanent injury. Sgro brought suit, contending, *inter alia,* that his consent to the repositing of the iris was not informed because Dr. Ross failed to inform him of the excision alternative. A jury found that the failure to inform Sgro of the excision alternative did not deprive him of informed consent.

Sgro appealed, challenging the sufficiency of the evidence on which the jury reached its verdict, and the adequacy of the trial court's jury instructions and interrogatories. The Appellate Division rejected those arguments in an unpublished opinion.

We have reviewed the record, and we find that a sufficient factual basis existed to support the jury's verdict. Several expert witnesses presented by Dr. Ross at trial testified respecting the negative consequences of excision, and indicated that in the context of Sgro's case excision was not a medically-reasonable alternative. The jury could have relied on that determination in finding that the excision alternative would not have been material information for a reasonably prudent patient in Sgro's position. *Largey v. Rothman,* 110 *N.J.* 204, 211–16, 540 *A.*2d 504 (1988);

*Matthies v. Mastromonaco,* 160 *N.J.* 26, 34–38, 733 *A.*2d 456 (1999). We also find no error in the trial court's instructions or interrogatories. Accordingly, we affirm the judgment of the Appellate Division.

*For affirmance*—Chief Justice PORITZ and Justices STEIN, COLEMAN, LONG, VERNIERO, LaVECCHIA and ZAZZALI—7.

*Opposed*—None.